**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**June 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60890
Summary Calendar

HAROLD BROCK,

Plaintiff-Appellant,

versus

EMMITT SPARKMAN, Warden of Marshall County Correction
Facility; RENEE JOHNSON, Sergeant at Marshall County
Correction Facility, in Her Individual and Official
Capacities; DURETT PEEPLES, Lieutenant at Marshall
County Correction Facility, in His Individual and
Official Capacities,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 3:00-CV-148-P
--------------------

Before BARKSDALE, EMILIO M. GARZA, CLEMENT, Circuit Judges.

PER CURIAM:*

Harold Brock, Mississippi prisoner # R5226, appeals the

summary-judgment dismissal of his 42 U.S.C. § 1983 lawsuit

asserting that prison officials were deliberately indifferent

to his serious medical needs when they placed him, against his

medical restrictions, in a bottom bunk, which caused him to

repeatedly hit his head on the top bunk, resulting in bumps and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

bruises and loss of vision.  "This court reviews the grant of a summary judgment motion de novo, using the same criteria used by the district court."  Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992).

Summary judgment was proper in this case because the undisputed evidence shows that Brock did not sustain any injury resulting from the claimed constitutional violation.  See Memphis Community School Dist. v. Stachura, 477 U.S. 299, 308-09 (1986). The summary-judgment evidence, including Brock's own pleadings and testimony at the Spears hearing, show that his loss of vision was not caused by any head trauma and that he never required any medical attention when he bumped his head on the upper bunk. Brock has thus failed to show any cognizable injury resulting from the alleged particular act of deliberate indifference, and his claim fails.  See id.

Brock argues that the district court erred in considering Dr. Richardson's affidavit for the proposition that his loss of vision did not result from head trauma because the affidavit was untimely and because Dr. Richardson was not qualified as an expert.  As noted above, Brock's own evidence, specifically, the letter from Dr. Richardson which he attached to his complaint, contained the same information as Dr. Richardson's affidavit. The affidavit was thus duplicative of Brock's evidence and the district court's consideration of it, even if error, was harmless.  Brock's conclusional allegation that head trauma

could equally have caused his loss of vision does not meet his burden to show a genuine issue of material fact.  See <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  His reliance on the affidavits he submitted from other inmates for the proposition that his blindness resulted from head injuries is misplaced because none of the inmate affidavits so state.

The district court's judgment is AFFIRMED.